**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Skylar Shead, Timothy Scott Martin, Sulina Wooden, and Johnny Wooden, Defendants,

of whom Timothy Scott Martin is the Appellant

and

Skylar Shead, Sulina Wooden, and Johnny Wooden are Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2025-000641

———————

Appeal From Edgefield County
Robert E. Newton, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-357
Submitted October 16, 2025 – Filed October 20, 2025

———————

**AFFIRMED**

———————

Nancy Carol Fennell, of Irmo, for Appellant.

Tiffany J. Lumpkin, of Lumpkin Legal Solutions, LLC, of Columbia, for Respondent Skylar Shead.

Connie D. Breeden, of The Law Office of Connie D. Breeden, LLC, of Columbia, as the Guardian ad Litem for Respondent Skylar Shead.

Luke Taylor Moore, of the South Carolina Department of Social Services, of Lexington, for Respondent South Carolina Department of Social Services.

Johnny Wooden, of North Augusta, pro se.

Sulina Wooden, of North Augusta, pro se.

Eydie J. Tillman, of Tillman Law Firm, LLC, of Edgefield, for the Guardian ad Litem for the minor child.

**PER CURIAM:** Timothy Scott Martin appeals the family court's final order finding he physically neglected his minor child (Child), relieving the Department of Social Services (DSS) of providing him further services, granting custody of Child to Father's adult daughter and her husband, and closing the case. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2025) (explaining the family court may authorize DSS to forego reasonable efforts at reunification when the court determines that "other circumstances exist that . . . make continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the permanent plan for the child"); S.C. Code Ann. § 63-7-1700(G)(1) (Supp. 2025) (stating the family court may award custody to a fit and willing relative when a child cannot safely be returned to his or her parents and termination of parental rights is not in the child's best interest). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1] Accordingly, we affirm the family court's ruling.

---

[1] *See S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations in which "an indigent person

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.